IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

DONNA ROQUE and MARY CLIFTON, individuals

    Plaintiffs,

v.

THYSSENKRUPP ELEVATOR CORPORATION, a Delaware Corporation;
IC US DENVER MANAGEMENT LLC, a Delaware Limited Liability Company; and
UNIVERSAL PROTECTION SERVICE, LLC, a Delaware Limited Liability Company

    Defendants.

## NOTICE OF REMOVAL

Defendant Thyssenkrupp Elevator Corporation ("TKE"), by and through its counsel, Hall & Evans, LLC, hereby gives Notice of Removal pursuant to 28 U.S.C. § 1332, *et seq.,* 28 U.S.C. § 1441, *et seq.,* and 28 U.S.C. § 1446, *et seq.*, stating as follows:

### I. UNDERLYING FACTS

1. Plaintiffs initiated this lawsuit against TKE; IC US Denver Management LLC ("IC"); and Universal Protection Service, LLC ("Universal") in the District Court for the City and County of Denver, State of Colorado, by filing a Complaint on February 12, 2021. *See* Plaintiff's Complaint, attached as **Exhibit A**. TKE was served with process on February 19, 2021 (**Exhibit B**). IC was served with process on February 25, 2021 (**Exhibit C**). Universal was served with process on February 19, 2021. (**Exhibit D**).

2. There are no pending motions or upcoming hearing dates set in the state action that is being removed. The remainder of the pleadings and orders filed in Case No. 2021CV030544 are attached as **Exhibits E, F, G, H, I, and J** as delineated below:

    E.    Civil Cover Sheet;

    F.    Delay Reduction Order;

    G.    Pre-trial Order

    H.    TKE Answer

    I.    Universal Answer

    J.    Register of Actions.

3. Plaintiffs allege they suffered injuries resulting from their presence in an elevator that was undergoing safety tests in a high-rise building in downtown Denver. *See generally* Exhibit A. Plaintiffs assert causes of action against all defendants for premises liability under C.R.S. § 13-21-115 and negligence. *See generally* Exhibit A.

## II. JURISDICTIONAL BASIS

4. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this matter as it is between citizens of different states or citizens of a foreign state, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

    a.    **Diversity of Citizenship**

5. Plaintiffs are citizens of Thornton, Colorado and Littleton, Colorado and have lived in and treated in Colorado since the time of the incident. *See* Exhibit A at 1-2, 14.

6. Defendant TKE is a foreign corporation organized under the laws of the state of Delaware, with a principal place of business in Alpharetta, Georgia. *See id.* at ¶ 3.

7. Defendant IC is a Delaware Limited Liability Company, with its principal office in Chicago, Illinois. *See id.* at ¶ 4. Upon information received from IC's insurance carrier, IC's sole member is a Delaware limited partnership. IC consents to this removal.

8. Defendant Universal is a Delaware Limited Liability Company with a principal office in Santa Ana, California. *See id.* at ¶ 5. Upon information and belief, none of Defendant Universal's members is a citizen of the State of Colorado. Universal consents to this removal.

### b. Amount in Controversy

9. 28 U.S.C. § 1446(c) provides, in relevant part:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that –
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
> (i) nonmonetary relief; or
>
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2) and (c)(2)(A)(ii).

10. 28 U.S.C. § 1446(3) further provides that a case may be removed and the amount in controversy may be satisfied by receipt of an "other paper" from which it may be determine that the amount in controversy has been met. 28 U.S.C. § 1446(3)

11. The United States Court of Appeals for the Tenth Circuit has held that a Colorado State Court's Civil Case Cover Sheet is an "other paper" under 28 U.S.C. § 1446(b)(3), and that a State Civil Case Cover Sheet provides the appropriate basis to support the jurisdictional amount in controversy for the purposes of removal. ***Paros Props. LLC v. Colo. Cas. Ins. Co.***, 835 F.3d 1264, 1273 (10th Cir. 2016).

12. Here, Plaintiffs' Complaint does not demand or state an amount of damages, but rather alleges damages consisting of past and future economic and noneconomic damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical and doctor bills, PTSD and exacerbation of anxiety, and permanent physical/mental impairment, in amounts to be determined at the time of trial. *See* Exhibit A at 14. A plaintiff cannot defeat removal by omitting an amount in controversy from the complaint. ***Valdez v. Byers***, Case No. 09-cv-00764-CMA-CBS, 2009 U.S. Dist. LEXIS 46086, at *4 (D. Colo. May 20, 2009).

13. However, the Civil Case Cover Sheet filed with Plaintiffs' State Court Complaint states that Plaintiffs seek a monetary judgment over $100,000. *See* Exhibit E at 2. Therefore, the amount-in-controversy requirement has been met.

### c. Timeliness of Removal

14. The statute governing the limitations period for removal, 28 U.S.C. § 1446(b), provides that a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]." 28 U.S.C. § 1446(b). In ***Murphy Bros. Inc., v. Michetti Pipe Stringing, Inc.*** 526 U.S. 344 (1999), the United States Supreme Court clarified the statutory meaning of "through service or otherwise" and held that formal service is required before the 30-day period for removal begins to run: "[W]e hold that a

named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from the service of the summons, but not by mere receipt of the complaint unattended by any formal service." 526 U.S. at 347-48.

15. Here, Plaintiffs filed the Complaint on February 12, 2021, and TKE was formally served on February 19, 2021. *See* Exhibit A; Exhibit B. Pursuant to 28 U.S.C. § 1446 and ***Murphy Bros. Inc***., TKE is required to file its notice of removal on or before March 22, 2021, as 30 days after service falls on March 21, 2021 - a Sunday - and Rule 6(a) provides for deadlines set by statute that does not specify a method of computing time, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." *See **Despres v. Ampco-Pittsburgh Corp**.,* 577 F. Supp. 2d 604, 609 (D. Conn. 2008) (where 30th day after service fell on a Saturday, "period for removal was extended until the next regular weekday"); ***Boulet v. Millers Mut. Ins. Asso.***, 36 F.R.D. 99, 100-01 (D. Minn. 1964) (applying Rule 6(a) to removal to federal court); ***Johnson v. Harper***, 66 F.R.D. 103, 104-05 (E.D. Tenn. 1975) (same). Thus, the removal is timely.

16. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, TKE will give written notice to all adverse parties and will file a copy of the notice with the Denver County District Court.

WHEREFORE, Defendant Thyssenkrupp Elevator Corporation respectfully removes this case from the District Court for the City and County of Denver, and Defendant Thyssenkrupp Elevator Corporation requests that this Court take jurisdiction of this case and enter such further orders as may be necessary and proper for the continuation of this action.

Respectfully submitted this 22nd day of March 2021.

        HALL & EVANS, LLC

        *s/ Conor P. Boyle*
        Conor P. Boyle
        1001 17th Street, Suite 300
        Denver, CO  80202
        Phone:  (303) 628-3300
        Fax:  (303) 628-3368
        boylec@hallevans.com
        *Counsel for Defendant TKE*